

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2003

# USA v. Peppers

Precedential or Non-Precedential: Non-Precedential

Docket 01-3888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Peppers" (2003). *2003 Decisions.* Paper 800.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/800

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3888


UNITED STATES OF AMERICA

v.

MAURICE PEPPERS
a/k/a Nedric Cain

Maurice Peppers,
Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 00-cr-00336
(Honorable Sylvia H. Rambo)


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2003

Before: SCIRICA, BARRY and SMITH, Circuit Judges

(Filed: February 14,2003)


OPINION OF THE COURT


SCIRICA, *Circuit Judge*.

The lone issue in this sentencing appeal is whether the District Court correctly interpreted United States Sentencing Guideline § 3E1.1.[1] We will affirm the judgment of sentence.[2]

**I.**

The defendant, Maurice Peppers, entered into an agreement to plead guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The plea agreement recommended a three-level reduction in the defendant's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.[3] The pre-sentence report, however, recommended against an adjustment for acceptance of responsibility. Peppers's probation officer based the recommendation on two misconducts that Peppers incurred while incarcerated prior to sentencing. The first misconduct was for "threatening a[] [correctional] employee or their family." The second was issued after Peppers tested positive for, and admitted to smoking, marijuana.

At the sentencing hearing, the District Court considered Peppers' objection to the pre-sentence report's recommendation. According to Peppers' attorney, the reduction was warranted because Peppers' plea had spared the government the time and expense of a trial.

---

[1] U.S.S.G. § 3E1.1(a) provides, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels."

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] The plea agreement into which Peppers entered reserved the government's right to recommend the maximum sentence, and provided that the court's failure to grant the reduction would not void the plea agreement.

With respect to the misconduct for marijuana, Peppers' attorney asked the District Court to take into account his dependency on drugs, and argued that defendants who test positive for marijuana while on pretrial release are regularly not denied a reduction for acceptance of responsibility. The District Court also considered the government's recommendation that the reduction be granted, and heard testimony from one of the federal agents to whom Peppers provided information about other criminal activity.

The District Court elected to follow the recommendation in the pre-sentence report, and denied the reduction for acceptance of responsibility, concluding that "it [is] very, very difficult to give someone acceptance of responsibility when they absolutely flaunted the law in becoming involved with drugs after the plea and awaiting sentencing." Peppers contends the District Court erroneously followed its own "standard practice" instead of the correct legal standard.

The sentencing judge has considerable latitude to weigh factors supporting or denying an adjustment for acceptance of responsibility. *United States v. Bennett*, 161 F.3d 171, 197 (3d Cir. 1998) (stating that sentencing court is free to consider evidence both consistent and inconsistent with acceptance of responsibility). Peppers avers the District Court only considered the misconduct stemming from his marijuana use. At the inception of the sentencing hearing, the District Court stated:

> My standard practice has been that when someone is awaiting sentence and particularly is awaiting sentence in a prison – although that additional factor may not necessarily change my position – ... I have refused in the past to give acceptance of responsibility with someone that has become involved with drugs while awaiting. Do you wish to argue?

3

Accordingly, Peppers contends that it is impossible to tell if the District Court properly balanced the factors for and against an adjustment for acceptance of responsibility. He asks that we vacate the sentence and remand for re-sentencing. *See United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998) (holding that if the legal basis for the district court's sentencing ruling cannot be determined from the record, the appropriate remedy is to remand to permit the district court to state basis for its ruling).

## II.

Whether the District Court properly applied U.S.S.G. § 3E1.1 is a question of law subject to plenary review. *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996). We find that the District Court followed the correct legal standard.

The District Court's statement that its "standard practice" had been to deny acceptance of responsibility to persons involved in illegal drug use prior to sentencing does not establish that it failed to weigh the factors for and against adjustment in Peppers' case. Furthermore, the District Court invited arguments to the contrary from defendant, which were presented. The Commentary to U.S.S.G. § 3E1.1 sets forth a panoply of factors that a district court may consider as indicative of acceptance of responsibility. *See* U.S.S.G. § 3E1.1, cmt. n.1. The testimony and arguments provided during the sentencing hearing implicated two of the factors: "(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); [and] (b) voluntary termination or withdrawal from criminal conduct or associations."

4

U.S.S.G. § 3E1.1, cmt. n.1(a)(b).  The District Court's reference to past "standard practice" suggests that it regarded a continued course of criminal conduct as a significant factor in assessing whether a defendant had truly accepted responsibility for his criminal conduct.  The court's explanation that Peppers "absolutely flaunted the law in becoming involved with drugs after the plea and awaiting sentencing" was the basis for its ruling.  The record adequately reflects the District Court's reliance upon factors for and against acceptance of responsibility set forth in the official Commentary to U.S.S.G. § 3E1.1.  Accordingly, the decision to deny "acceptance of responsibility" was not clearly erroneous.

## III.

For the foregoing reasons, we will affirm the judgment of sentence.

_____

TO THE CLERK:

       Please file the foregoing opinion.


                        /s/ Anthony J. Scirica
                        Circuit Judge