# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-3587/3590

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jym Jenine Butcher Bennett, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 7, 2003

Filed:  May 19, 2003

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jym Jenine Bennett pleaded guilty to aiding and abetting the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2, and conspiring to defraud the government, in violation of 18 U.S.C. § 286. At a consolidated sentencing hearing, the district court[1] denied Bennett's request for an acceptance-of-responsibility reduction and sentenced her to concurrent terms of 120

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

months' imprisonment, 5 years' supervised release, and $56,385 restitution, to be paid jointly and severally with her codefendant.

In this consolidated appeal, Bennett's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying the acceptance-of-responsibility reduction and in ordering the restitution.

Having carefully reviewed the record, we conclude the district court did not clearly err in denying the acceptance-of-responsibility reduction, given its finding that Bennett belatedly reported a post-plea arrest to pretrial services. See United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review); United States v. Ceccarani, 98 F.3d 126, 130-31 (3d Cir. 1996), cert. denied, 519 U.S. 1155 (1997). Further, the court did not plainly err in ordering restitution. See U.S.S.G. § 5E1.1(a)(1) (1995) (requiring restitution); United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir.) (plain-error review where defendant fails to object to restitution order at sentencing), cert. denied, 524 U.S. 944 (1998); see also United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995) (restitution may be ordered even though defendant is indigent at time of sentencing). We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, the judgment is affirmed. We grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.