**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4351**

---

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

    versus

TYRONE GREGORY DUNLAP,

                                 Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-03-846)

---

Submitted: October 28, 2005      Decided: November 17, 2005

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to his guilty plea, Tyrone Gregory Dunlap was convicted of possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Dunlap under the federal sentencing guidelines to 108 months incarceration. Dunlap's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but challenging the validity of the plea and the propriety of the sentence. Dunlap filed a pro se supplemental brief arguing that his conviction and sentence are invalid because his sentence was enhanced by facts found by the district court judge. See United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Dunlap's conviction, but vacate his sentence and remand for resentencing.

We find that Dunlap's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Dunlap was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Dunlap contends that his plea was not knowingly entered because he

was not advised that prior felony convictions for either a crime of violence or a controlled substance offense were elements of the offense to which he pled guilty.  Dunlap notes that these factors were not charged in the indictment, nor did he admit them. Therefore, he asserts that his plea is invalid because it was not knowingly entered.  However, Dunlap's prior convictions for drug or violent crimes are not elements of the § 922(g)(1) offense.  These relate to sentencing and are discussed below.

Relying on Blakely v. Washington, 542 U.S. 296 (2004), the predecessor to United States v. Booker, Dunlap contends that the district court made factual findings about his prior convictions, which resulted in his base offense level being increased to level 24.  In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.  See United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005) (holding that armed career criminal designation based on defendant's prior convictions did not violate Sixth Amendment), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 3, 2005) (No. 05-6904); United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005) ("Career offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.' . . .

- 3 -

Booker explicitly excepts from Sixth Amendment analysis the third component of the crime of violence determination, the fact of two prior convictions."). Thus, we find no error by the district court in determining Dunlap's base offense level by reference to his prior convictions.

Dunlap next argues that his sentence is unconstitutional because it was enhanced by four levels based on the district court's finding that he possessed the firearm in connection with another felony offense. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003). In United States v. Booker, the Supreme Court held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57. Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker. Hughes, 401 F.3d at 546-56.

In this case, Dunlap contends that he did not admit that he possessed the drugs that the court found he possessed, nor did he admit that the firearm was possessed in connection with another felony offense. Therefore, he argues that the four-level enhancement violated his Sixth Amendment rights. Because Dunlap neither contested the calculation of his base offense level nor raised a Blakely-type challenge at sentencing, review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Dunlap must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks omitted).

Because the court made factual findings that increased Dunlap's sentence, we find that there was plain error. Also, this error resulted in Dunlap being exposed to a longer prison term, and therefore affects his substantial rights. Id. at 548. Because the district court "impose[d] a sentence greater than the maximum authorized by the facts found by the jury alone," we find that the district court committed plain error that warrants correction. Id.

at 546.  Accordingly, we vacate Dunlap's sentence and remand for resentencing.[1]

The final issue presented in this appeal is a challenge to the district court's determination that Dunlap had not accepted responsibility.  This finding was made after Dunlap twice tested positive for marijuana use while he was on bond pending sentencing.  We find no clear error in this ruling.  See USSG § 3E1.1, comment. (n.1(b)); United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004) (providing standard); United States v. Ceccarani, 98 F.3d 126, 130-31 (3d Cir. 1996) (upholding the denial of acceptance of responsibility based on new unrelated criminal conduct).

In accordance with Anders, we have reviewed the entire record in this case for any other meritorious issue and have found none.  Accordingly, although we affirm Dunlap's conviction, we vacate his sentence and remand for proceedings consistent with Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 764-65, 767).[2]  We dispense with oral argument because the facts and legal

---

[1]As we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dunlap's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines,

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.