

Opinions of the United
States Court of Appeals
for the Third Circuit

2005 Decisions

12-7-2005

# USA v. Pletcher

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Pletcher" (2005). *2005 Decisions.* Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3367
_____

UNITED STATES OF AMERICA

v.

PAUL PLETCHER,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 04-cr-00095)
District Judge: Honorable Sylvia H. Rambo


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 8, 2005
_____

Before: ROTH, FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>
(Opinion Filed: December 7, 2005)
_____

OPINION

Garth, <u>Circuit</u> <u>Judge</u>:

Paul Pletcher was charged with possession of a firearm by a previously convicted

felon in violation of 18 U.S.C. §922(g). He entered into a Plea Agreement which

included the following conditional promise: "if the defendant can adequately demonstrate

[an] acceptance of responsibility to the government, the United States hereby moves that at sentencing the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility."

After entering his plea of guilty, Pletcher was released pending sentencing on several conditions, including that he not use any unlawful controlled substances unless they were prescribed by a medical doctor. At a June 1, 2004 hearing before Magistrate Judge J. Andrew Smyser, Pletcher admitted that he had violated this condition repeatedly. Consequently, his bail was revoked and he was detained pending sentencing.

The Probation Office made the following recommendation in Pletcher's Presentence Report:

> Mr. Pletcher . . . has repeatedly violated the conditions of pretrial services supervision by using drugs. He tested positive for marijuana use three times and cocaine once. The defendant has not voluntarily terminated or withdrawn from criminal conduct, and has not complied with his release conditions. Mr. Pletcher's illegal use of drugs is inconsistent with acceptance of responsibility as contemplated by the guidelines and a reduction pursuant to USSG §3E1.1 is unwarranted.

At the sentencing proceeding on August 10, 2004, the prosecution echoed the Presentence Report and recommended that District Judge Sylvia H. Rambo not apply the three-level reduction referenced in the Plea Agreement because of Pletcher's abuse of drugs while he awaited sentencing. Judge Rambo did not apply the reduction, and sentenced Pletcher to 92 months in prison and a fine of $800.

2

Pletcher appealed his sentence. He argued that (1) the government breached the Plea Agreement when it recommended that the Court deny him credit for acceptance of responsibility, (2) Judge Rambo erred when she accepted that recommendation, and (3) the Sentencing Guidelines were unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

After briefing was complete on this appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 200, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Pletcher submitted a supplemental letter brief on March 14, 2005, arguing that because Judge Rambo treated the Guidelines as mandatory when she sentenced him, *Booker* required remand.

We hold that the government did not breach the Plea Agreement when it recommended that the Court deny Pletcher credit for acceptance of responsibility.[1] The government promised in the Plea Agreement to recommend that the Court give such credit *if* Pletcher demonstrated acceptance of responsibility. When Pletcher violated the terms of his release, he failed to fulfill this explicit condition to the government's satisfaction. The government's recommendation that Pletcher be denied a reduction was therefore not a breach of the Plea Agreement. The cases Pletcher cites in arguing to the contrary are factually distinct and inapposite.

---

[1] Our review of this claim is plenary. *United States v. Rivera*, 357 F. 3d 290, 293-294 (3d Cir. 2004).

We also find that Judge Rambo correctly interpreted USSG §3E1.1, and did not clearly err, when she accepted the government's recommendation – i.e., when she determined that Pletcher's violation of the terms of his release was inconsistent with any genuine acceptance of responsibility, and thus that under USSG §3E1.1 Pletcher was not entitled to a reduction. *See, e.g., United States v. Ceccarani*, 98 F. 3d 126 (3d Cir. 1996).

Despite these holdings, in accordance with *Booker* and with *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), we will vacate Pletcher's sentence and remand for resentencing. In doing so, we reject the suggestion made by Pletcher that he be resentenced by a different District Court judge.