

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-1996

# United States v. Ceccarani

Precedential or Non-Precedential:

Docket 96-7026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Ceccarani" (1996). *1996 Decisions*. Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 96-7026
_____


UNITED STATES OF AMERICA,

Appellee,

v.

ANGELO P. CECCARANI,

Appellant.

_____

An Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No. 95-cr-00148-2

_____

Argued September 20, 1996

Before:  Nygaard, Roth, and Rosenn, Circuit Judges.

Opinion Filed  October 22, l996

_____



John A. Bednarz, Jr. (argued)
15 Public Square
Suite 405
Wilkes-Barre, PA  18701
Counsel for Appellant



David M. Barasch, U.S. Attorney,
Bruce Brandler, Asst. U.S. Attorney (argued)
Middle District of Pennsylvania
Suite 309, Federal Building
Scranton, PA
Counsel for Appellee


_____

ROSENN, Circuit Judge.

This appeal raises an interesting question in which the defendant complains that the United States District Court for the Middle District of Pennsylvania has disregarded the Federal Sentencing Guidelines in determining his sentence and he seeks compliance with the Guidelines. The Government, on the other hand, opposes his position and supports the court's refusal to award a two-level reduction for acceptance of responsibility.

The defendant had participated with two others in the break-in of a department store and had stolen firearms and ammunition. The defendant was arrested and charged in eight counts of a seventeen count indictment with conspiracy to steal and the theft of firearms from a licensed firearms dealer in violation of 18 U.S.C. § 371 and §§ 922(u) and 2. Other counts of the indictment charged him with disposal and possession of firearms in violation of 18 U.S.C. § 922(j).

The defendant initially pled not guilty to the charges but ultimately entered into a guilty plea agreement with the Government to Count II of the indictment (Theft from a Federal Firearms Licensee, Aid and Abet). At his sentencing, the defendant requested a two-level reduction in his offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The court rejected this request because the defendant had tested positive for marijuana and had refused to attend a court-ordered rehabilitation program while on pre-trial release pending sentencing. The defendant timely appealed. We affirm.

I.

On January 15, 1995, the defendant participated in the break-in of a department store in Wilkes-Barre, Pennsylvania, stealing twenty-two handguns, one rifle, one shotgun, and twelve boxes of ammunition. The defendant retained several of the stolen firearms, some of which he later sold or gave away. On January 25, 1995, a search of the defendant's residence uncovered two handguns, six boxes of ammunition, and thirteen price tags which had been removed from the stolen weapons. At this time, the defendant confessed to his role in the theft.

After arraignment, the defendant was released on bond with pre-trial services supervision. According to the written conditions of his pre-trial release, the defendant was not to commit any federal, state, or local offense and he was ordered to submit to drug testing and treatment as directed by the Probation Office. The defendant tested for drug usage on seven occasions between June 15 and September 20, 1995; five of those tests yielded positive results for the presence of marijuana. The defendant acknowledged having used marijuana during this time. The pre-sentencing report ("PSR") recommended that the defendant not receive a downward adjustment of his offense level for acceptance of responsibility under United States Sentencing

Guideline ("U.S.S.G.") § 3E1.1 due to his continued marijuana use while on pre-trial release.

After the fifth positive test result, the defendant underwent an evaluation at a drug and alcohol treatment center and the evaluation recommended outpatient treatment. The defendant, however, refused to attend outpatient treatment, contending that he was unable to afford the sessions and had difficulty obtaining transportation to the treatment site. The probation officer, however, reported to the district court that, based on his income and expenses, the defendant could afford these sessions and that he had made no effort to explain his transportation problems to anyone in the probation office.

At the sentencing hearing, the district court judge accepted the recommendation of the probation officer and denied the defendant any acceptance of responsibility reduction due to his conduct while on pre-trial release. The district court, having determined that the defendant had an offense level of 14 and a criminal history category of II, sentenced him to eighteen months imprisonment followed by two years of supervised release, restitution of $3,425.01, and a special assessment.


                              II.
The sole issue on appeal presented by the defendant is whether the positive drug tests and the failure to participate in the drug rehabilitation program that occurred post-indictment and before sentencing, which he claims are wholly unrelated to the crime charged, can be properly considered by the court in determining an acceptance of responsibility reduction for a specific offense. This presents an issue of first impression in this court.

Section 3E1.1(a) of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels." U.S.S.G. § 3E1.1(a). The Commentary sets forth a number of factors which may be considered in determining whether the defendant has demonstrated an acceptance of responsibility under § 3E1.1. Among the considerations are:

> (a) truthfully admitting the conduct comprising the
> offense(s) of conviction, and truthfully admitting or
> not falsely denying any additional relevant conduct
> for which the defendant is accountable under § 1B1.3
> (Relevant Conduct). . . . ;
> (b) voluntary termination or withdrawal from criminal
> conduct or associations;
> (c) voluntary payment of restitution prior to
> adjudication of guilt;
> (d) voluntary surrender to authorities promptly after
> commission of the offense;
> (e) voluntary assistance to authorities in the
> recovery of the fruits and instrumentalities of the
> offense;
> (f) voluntary resignation from the office or position

held during the commission of the offense;
(g) post-offense rehabilitative efforts (e.g.,
counseling or drug treatment); and
(h) the timeliness of the defendant's conduct in
manifesting acceptance of responsibility.
U.S.S.G. § 3E1.1 Application Note 1.  The Guidelines make clear
that this list is not exhaustive.

The defendant contends that he showed his intent to accept
responsibility for the charged offense by his cooperation with
the federal government, his consent to the search of his
residence, and his offer of full restitution; he specifically
points to his surrender to authorities promptly after the
offense, his assistance in the recovery of the firearms, and the
timely manifestation of his acceptance of responsibility.  His
counsel vigorously urges that the defendant is entitled to a two-
point reduction under § 3E1.1(a).

The Government counters that the court is entitled to
consider a broad range of information when deciding upon an
appropriate sentence, including the defendant's conduct while on
pre-trial release.  Thus, if the defendant continues to engage in
criminal conduct, as he did here, and fails to comply with post-
offense rehabilitative efforts, the district court is well-within
its discretion to conclude that the defendant is not truly
remorseful and has not accepted responsibility for his offense.

A district court's factual determination of whether the
defendant is entitled to an acceptance of responsibility
reduction in his sentence is reviewed on a clearly erroneous
standard.  United States v. DeLeon-Rodriguez, 70 F.3d 764, 767
(3d Cir. 1995); United States v. Felton, 55 F.3d 861, 869 (3d
Cir. 1995).  In addition, the Guidelines make clear that "[t]he
sentencing judge is in a unique position to evaluate a
defendant's acceptance of responsibility.  For this reason, the
determination of the sentencing judge is entitled to great
deference on review."  U.S.S.G. § 3E1.1 Application Note 5.
However, the question of whether the district court correctly
interpreted U.S.S.G. § 3E1.1 is a legal question and subject to
plenary review.  United States v. Frierson, 945 F.2d 650, 655 (3d
Cir. 1991).

Although this is an issue of first impression in our
jurisdiction, six other circuits have addressed this issue; five
of the six have held that the district court is entitled to
consider criminal conduct committed while the defendant is free
on bond and did not grant a reduction for acceptance of
responsibility.  See United States v. Byrd, 76 F.3d 194, 196-97
(8th Cir. 1996) (upholding denial of acceptance of responsibility
where defendant used marijuana while awaiting a sentence for
assault with a dangerous weapon); United States v. McDonald, 22
F.2d 139, 144 (7th Cir. 1994) (affirming denial of acceptance of
responsibility where defendant used cocaine while awaiting
sentencing for counterfeiting); United States v. O'Neil, 936 F.2d
599, 600-01 (1st Cir. 1991) (upholding denial of acceptance of
responsibility where defendant used marijuana after committing
mail theft); United States v. Watkins, 911 F.2d 983, 984 (5th
Cir. 1990) (affirming denial of acceptance of responsibility

where defendant used cocaine while on release pending sentencing for forgery); United States v. Scroggins, 880 F.2d 1204, 1215-16 (11th Cir. 1989), cert. den., 494 U.S. 1083 (1990) (holding that "the district court acted well within its discretion in concluding that appellant's continued use of cocaine cast doubt on the sincerity of his avowed acceptance of responsibility" for the underlying postal theft offense).  But see United States v. Morrison, 983 F.2d 730, 735 (6th Cir. 1993) (holding that acceptance of responsibility considers only conduct related to the charged offense).

The common thread running through the five circuit cases cited above holding that unrelated conduct can be considered under § 3E1.1 is the notion that the defendant's post-offense conduct can shed significant light on the genuineness of a defendant's claimed remorse.  As they have noted, § 3E1.1 does not contain any restriction against considering criminal conduct unrelated to the specific crime charged and, in fact, § 3E1.1 application note 1(b) suggests consideration by the court of the defendant's "voluntary termination or withdrawal from criminal conduct or associations."  These five courts of appeal agree that note 1(b) is phrased in general terms and should be interpreted to include criminal conduct committed since the underlying offense, even of a different character.

In McDonald, 22 F.3d at 144, the court acknowledged that while the defendant's continued criminal activity does not preclude him from receiving a reduction for acceptance of responsibility, it is properly considered by a sentencing judge as it bears on the charged offense.  A guilty plea in acceptance of responsibility may be outweighed by conduct that is inconsistent with such acceptance.  "A district court may conclude that continued criminal activity, such as use of a controlled substance, is not consistent with acceptance of responsibility."  Id.

Counsel for the defendant contends that § 3E1.1(a) of the Guidelines directs that examination of the defendant's acceptance of responsibility correlates only to conduct related to the specific offense before the sentencing court, not to criminal conduct in general.  He cites United States v. Morrison, 983 F.2d 730 (6th Cir. 1993), where the defendant pled guilty to receipt and possession of firearms by a felon.  Morrison sought mitigation of his sentence, asserting he accepted responsibility by being candid and cooperative with authorities and his early guilty plea.  However, subsequent to the indictment and before sentencing, he was arrested for stealing a truck, found to be in constructive possession of firearms, and tested positive for a controlled substance.  The court noted that the language of § 3E1.1(a) had been changed from "affirmative acceptance of personal responsibility for his criminal conduct" to "acceptance of responsibility for his offense."  Morrison, 983 F.2d at 735 n.1.  The court considered this change significant and precluded consideration of unrelated criminal conduct in the acceptance of responsibility determination.  The Morrison court believed that an individual could be truly repentant for one crime and yet commit other, unrelated crimes.  Id. at 735

We find the reasoning of McDonald and the other circuits that held unrelated pre-sentencing conduct may be considered under U.S.S.G. § 3E1.1 to be more persuasive. The language of § 3E1.1, particularly the factors which may be considered in determining whether the defendant has in fact demonstrated an acceptance of responsibility for his offense, is very general. The language does not specify that the appropriate considerations include only conduct related to the charged offense. Thus, the Guidelines appropriately give the sentencing judge the discretion to consider post-indictment unlawful conduct in determining whether to grant the § 3E1.1 reduction for acceptance of responsibility. We conclude that the Guideline change in language did not deprive the sentencing court of all discretion in considering the defendant's request for a reduction in the level of his offense because of his claimed acceptance of responsibility for the charged offense. A mechanical plea or confession to an indictment or counts thereof does not necessarily evince a genuine sense of remorse or intent to pursue lawful conduct. The Commentary to the Guidelines referred to above recognize that the sentencing judge will still retain a reasonable amount of discretion despite the change in the Guideline language. Among factors to be considered by the judge are not only the truthful admission by the defendant of the conduct compromising the offense(s) but also his or her voluntary termination or withdrawal from criminal conduct and post-offense rehabilitation efforts. These bear on an important aspect of any criminal sentence -- the defendant's genuine feeling of remorse and his or her rehabilitation efforts. Continual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation.

A significant factor in the instant case are the conditions incorporated in the order of the court releasing the defendant on bail. One of these conditions obligated the defendant not to commit any offense in violation of federal, state or local law while on release. This term was an express condition of the defendant's pre-trial release and, when violated, constituted grounds for revocation of bail. Thus, violation of this condition could be appropriately considered by the district court in determining whether the defendant should be granted a reduction in his offense level.

Another condition required defendant to submit to drug testing and/or treatment as directed by the probation office. At the time, Ceccarani refused counseling for his drug habit; he represented that he couldn't afford the $30 per visit counseling fee, although he was earning about $1000 per month with necessary expenses of only $200 per month. Application Note 1(g) permits the court to consider the defendant's post-rehabilitative efforts in weighing his acceptance of responsibility. If a defendant's efforts to obtain rehabilitation can be considered in his favor, certainly a defendant's refusal to enter drug counseling, even when directed to do so by court order, may be considered as an unfavorable factor in determining whether the defendant is entitled to a reduction in his offense level for accepting

responsibility for the convicted offense. We therefore hold that a sentencing judge may, in the exercise of his discretion, consider unlawful conduct committed by the defendant while on pre-trial release awaiting sentencing as well as any violations of the conditions of this pre-trial release in determining whether the court should grant a reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

In the instant case, the defendant tested positive on five separate occasions while out on bail and rejected the opportunity for drug counseling and treatment, displaying arrogance and defiance of the court and the law. This entitled Chief Judge Kosik, an experienced and able trial judge, in the exercise of his discretion, to reject the requested reduction. Therefore, having determined that the positive drug tests and the refusal to enter rehabilitation were appropriate factors for the district court to consider under § 3E1.1, we cannot conclude that the district court's determination that the defendant was not entitled to an acceptance of responsibility reduction was clearly erroneous.

### III.

Accordingly, the judgment of the district court will be affirmed.