

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2004

# USA v. Lucas

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Lucas" (2004). *2004 Decisions*. Paper 1067.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1067

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

Nos. 02-2166, 02-2182, 02-2183 and 02-2184

————

UNITED STATES OF AMERICA

v.

DAVID ARTHUR LUCAS

Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Nos. 00-cr-198-1, 00-cr-350-1, 01-cr-152-1, 01-cr-182-1)
District Court Judge: Honorable Yvette Kane

————

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2004

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed    January 28, 2004 )

————

OPINION OF THE COURT

————

ALDISERT, Circuit Judge.


1

This appeal by David A. Lucas requires us to decide whether his sentence should be vacated and the proceedings remanded for a new sentencing hearing on whether he is entitled to a reduction in offense level for acceptance of responsibility. The district court had jurisdiction based on 18 U.S.C. § 3231. We have jurisdiction based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will affirm.

I.

Because we write exclusively for the benefit of the parties, who are familiar with the facts and the proceedings in the district court, our discussion of the background will be limited. Lucas pleaded guilty on August 23, 2001 to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), three counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In connection with Lucas' guilty pleas, the United States agreed to recommend a three-point reduction in offense level for acceptance of responsibility, but only "[i]f the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the government[.]" (A. 23.)

On March 6, 2002, the United States Probation Office submitted a Revised Presentence Investigation Report ("PSIR") detailing 22 separate instances of misconduct by Lucas while in custody following his arrest in this case. Fourteen of these incidents took place after Lucas entered into the plea agreement. While in custody awaiting sentencing, Lucas was charged with striking correctional officers, striking other inmates,

2

failing to follow safety and sanitation regulations, disobeying orders, disorderly conduct, disrupting normal routine, destruction of property, theft of property and possession of contraband, among other things. The PSIR did not recommend a reduction in offense level, concluding that Lucas' "violent and intimidating" conduct while in custody "is inconsistent with acceptance of responsibility and that a reduction is unwarranted." (PSIR ¶ 117.)

Lucas did not object to the conclusions of the PSIR, which determined that Lucas had an offense level of 35. On April 12, 2002 he was sentenced to 292 months imprisonment on the armed bank robbery counts and 240 months, to be served concurrently, on the bank robbery counts. Additionally, he received a sentence of 120 months, to be served consecutively, on the count of brandishing a firearm during a crime of violence.

Lucas now argues that the sentencing proceedings were flawed because the district court made no findings as to whether Lucas was entitled to a reduction in offense level under U.S.S.G. § 3E1.1. Lucas also contends that the district court failed to adopt the findings of the PSIR. Lucas argues that he ceased in-custody misbehavior after February 10, 2002, two months before he was sentenced, and that he therefore demonstrated his acceptance of responsibility after that date. He contends the case should be remanded to the district court so he can demonstrate his eligibility for a reduction to an offense level of 32.

Ordinarily we review the "district court's factual determination of whether the defendant is entitled to an acceptance of responsibility reduction in his sentence . . . on a clearly erroneous standard." United States v. Ceccarani, 98 F.3d 126, 129 (3d Cir. 1996). Additionally, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . the determination of the sentencing judge is entitled to great deference on review." Id. (quoting U.S.S.G. § 3E1.1 Application Note 5).

Because Lucas did not raise before the district court his objection to the PSIR's failure to grant credit for acceptance of responsibility, we review the district court's sentencing in conformance with the conclusions of the PSIR for plain error. United States v. Olano, 507 U.S. 725, 733-735 (1993); United States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001).

III.

The record of the sentencing proceedings is in direct contrast with Lucas' representations to us. The district court specifically stated: "The basis for the sentence is as follows: The Court adopts the factual findings and guideline application in the presentence report." (A. 16.) Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure provides that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." The district court thus was entitled to and did

adopt the PSIR's factual determination that Lucas had not accepted responsibility.

Lucas did not dispute, either in writing or verbally, the contents of the PSIR at any time prior to or during the sentencing proceedings. Moreover, the district court did not commit plain error in applying the facts to the then-applicable Sentencing Guidelines acceptance of responsibility section, which states in relevant part:

(a)     If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)     If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct . . . decrease the offense level by 1 additional level.

### *Commentary*

*Application Notes:*

*1.      In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:*

. . . .

*(b)     voluntary termination or withdrawal from criminal conduct or associations;*

. . . .

U.S.S.G. § 3E1.1 (2001).

The PSIR sets forth in paragraphs 33-55 multiple instances of Lucas' atrocious behavior while in custody. The district court was entitled to consider the 22 instances of serious institutional misconduct while awaiting the plea and sentencing. Section 3E1.1 of the Sentencing Guidelines expressly permits the sentencing court to consider, in

addition to other factors, the defendant's voluntary termination or withdrawal from criminal conduct or associations in determining whether the defendant has accepted responsibility.

We have noted "that the defendant's post-offense conduct can shed significant light on the genuineness of a defendant's claimed remorse." Ceccarani, 98 F.3d at 129. The PSIR accounted for Lucas' claimed remorse as well as his post-arrest misbehavior, and thus Lucas' contention that the district court failed to notice his belated acceptance of responsibility after February 10, 2002, is without merit. Measured against the limited review standard of plain error, we reject the contention that there was an error at sentencing that requires the case to be remanded.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We note especially that Lucas' point II concerning the consecutive sentence for a violation of 18 U.S.C. § 924(c) has no merit.

The judgment of the district court will be affirmed.

———

TO THE CLERK:

   Please file the foregoing opinion.


                        s/ Ruggero J. Aldisert
                        Circuit Judge