

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# USA v. Wallace

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"USA v. Wallace" (2005). *2005 Decisions.* Paper 1407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2720
_____

UNITED STATES OF AMERICA

vs.

YAVETTE WALLACE

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00311-2)
District Judge: The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2005

BEFORE: NYGAARD, McKEE, and RENDELL, Circuit Judges.

(Filed    March 30, 2005 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Yavette Wallace appeals from the District Court's refusal to grant her a two-level reduction in her sentence for acceptance of responsibility. We have jurisdiction under 12 U.S.C. § 1291 and will affirm.

I.

On November 3, 2003, Wallace purchased a firearm for Eric Williamson-Trowery, who was ineligible to purchase it for himself. Because the gun shop owner suspected as such, he alerted the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), which arrived in time to conduct surveillance of the purchase. The ATF arrested Wallace and Williamson-Trowery shortly after they exited the gun shop. After her arrest, Wallace admitted to ATF agents that she accepted $450 from Williamson-Trowery to purchase the firearm for him.

On November 5, 2003, a grand jury indicted Wallace on one count of making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). She was released on bail and, pursuant to a plea agreement, pleaded guilty on January 29, 2004. While out on bail, Wallace was charged in state court with passing numerous bad checks. She also tested positive for marijuana in six separate drug tests. At that point, the United States moved to revoke her bail. At a bail revocation hearing on

April 12, 2004, Wallace denied using marijuana. She instead claimed that her positive drug tests were the result of second-hand smoke inhalation. She did, however, admit to passing bad checks.

Instead of revoking Wallace's bail, the District Court requested that the Probation Office provide the Court with the specifics of Wallace's two most recent drug tests in order to determine whether the levels of marijuana in her system were consistent with her claim of second-hand inhalation. The District Court also ordered Wallace to undergo more drug testing, for which it requested the specific levels as well. Wallace took a drug test that same day and tested positive for marijuana. She tested positive for marijuana once more—for the eighth time—a week later on April 19, 2004. An amended Presentence Investigation Report ("PSR"), filed on April 28, 2004, advised the District Court that the levels of marijuana found in the drug tests indicated positive use, not second-hand inhalation. Because of her repeated positive drug tests and passing of bad checks, the PSR recommended that Wallace not receive the two-level sentencing reduction for acceptance of responsibility despite her cooperation with the authorities on the day of her arrest. A copy of the PSR, but not of the actual drug test reports, was sent to Wallace's attorney.

At sentencing on June 7, 2004, the District Court found that Wallace was not entitled to the two-level sentence reduction for acceptance of responsibility. According to the District Court, "the continued use of drugs and criminal conduct that occurred after

3

the entry of the plea negates any consideration of that factor." (App. at 49). As a result, the District Court imposed a sentence of six months imprisonment. This appeal followed.

## II.

When a district court makes a factual determination concerning the applicability of a sentencing reduction for acceptance of responsibility, we review that determination under the clearly erroneous standard. *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996). We must afford great deference to the finding of the sentencing court because of its "unique position to evaluate a defendant's acceptance of responsibility. . . ." *Id*. (citing U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. 5. (2004) ("U.S.S.G.")).

## III.

Wallace contends that her cooperation with the authorities after her arrest entitles her to a sentencing reduction for acceptance of responsibility. The Sentencing Guidelines provide: "If the defendant demonstrates acceptance of responsibility for [her] offense, decrease the offense level by 2 levels." U.S.S.G. at § 3E1.1(a). One of the factors a district court may weigh in deciding whether to grant this reduction is the defendant's truthful admission of the conduct comprising of the offense. *Id*. at § 3E1.1, cmt. 1(a). It is undisputed that Wallace truthfully recounted her role in the purchase of the firearm, and that factor weighs in her favor.

There are other many other factors, however, including one specifically relevant here. A district court may consider whether the defendant has voluntarily terminated or

4

withdrawn from criminal conduct and associations. *Id*. at § 3E1.1, cmt. 1(b). In *United States v. Ceccarani*, 98 F.3d at 130, we held that a district court may consider any ongoing criminal conduct as part of its determination. We explained: "Continual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation." *Id*. Relying on her repeated positive drug tests and her admitted passing of bad checks, the District Court found that Wallace had continued to engage in criminal activity and therefore did not merit a reduction for acceptance of responsibility. These activities were appropriate for consideration, even though they were unrelated to her conviction. *See id*. Accordingly, the District Court's finding was not clearly erroneous.[1]

Wallace argues that the District Court erred by relying on the drug test reports. She claims that the reports "were not provided to her" and that she therefore did not have an opportunity to examine the evidence upon which the District Court relied. (Wallace Br. at 8). As a result, Wallace contends, the District Court acted contrary to section 6A1.3 of the Sentencing Guidelines. That section provides that when any relevant sentencing determination "is reasonably in dispute, the parties shall be given an adequate

---

[1]      Even if we assume, as Wallace alleges, that her positive drug tests were the result of second-hand inhalation and not her own use, our conclusion would not be different. The fact that she failed not one, but *eight* drug tests implies that at the very least she has been associating with individuals illegally smoking marijuana. As the Guidelines point out, a defendant's criminal associations, in addition to her own criminal conduct, are factors in the acceptance of responsibility analysis. U.S.S.G. at § 3E1.1, cmt. 1(b). Moreover, Wallace admitted to engaging in criminal activity: passing bad checks—albeit, she claims, to purchase necessities for her children.

opportunity to present information to the court regarding that factor." *Id*. at § 6A1.3(a). Assuming, *arguendo*, that any dispute over the legitimacy of Wallace's eight positive drug tests was reasonable—a conclusion we are disinclined to reach—her argument is nevertheless without merit.

While it may be true that Wallace was not "provided" with the actual drug test reports, it is also true that she did not request them. When she received the revised PSR, dated April 28, 2004, explaining that the levels of marijuana found in her body were inconsistent with second-hand smoke inhalation, Wallace was put on notice that drug test reports might affect the reduction for acceptance of responsibility. Had she wished to challenge the accuracy of those reports, she had the opportunity to request them from the Probation Office at any time prior to sentencing on June 7, 2004. She did not do so. Wallace's failure to request the reports does not equate to an inadequate opportunity to dispute them in front of the District Court. Thus, we find that the District Court complied with the requirements of section 6A1.3(a) and did not err by relying on the drug test reports. For that reason, and because Wallace has admitted to passing bad checks, the District Court's finding was not clearly erroneous.

IV.

The District Court's determination that Wallace did not merit a two-level reduction for acceptance of responsibility due to her ongoing criminal activity is not clearly erroneous. We affirm her sentence.[2]

---

2       This Court explicitly afforded Wallace the opportunity to urge that the Supreme Court's recent opinion in *United States v. Booker*, 542 U.S. ___, 125 S.Ct. 738 (2005), affected her sentence, but she has not so urged.