

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# USA v. Cummings

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Cummings" (2007). *2007 Decisions.* Paper 15.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/15

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5074

UNITED STATES OF AMERICA

v.

DAVID CUMMINGS,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00298)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

(Filed: December 21, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

David Cummings appeals his 25-month sentence for conspiracy to distribute

cocaine in violation of 21 U.S.C. § 846, arguing that the District Court improperly

considered a positive drug test taken one week after his arrest in refusing to reduce his

base offense level for acceptance of responsibility. Since it was not clearly erroneous for

the District Court to rely in part on the drug test in denying Cummings the reduction, we will affirm the District Court's sentence.

The presentence investigation report ("PSR")[1] indicated that after his arrest for the drug conspiracy, Cummings tested positive for marijuana, was twice charged with harassment, and was convicted for one of the two harassment incidents. The PSR and the Government recommended that Cummings not receive a decrease in his base offense level for acceptance of responsibility because the two harassment incidents demonstrated that he continued to engage in criminal conduct after his arrest. The District Court agreed (over Cummings' objection) that he was not entitled to the reduction and explained:

> Now, Mr. Cummings, he was arrested on August the 16th of 2005 by the FBI [for the drug conspiracy]. He appeared before the magistrate on August the 17th, and he was detained.
> On August 18th, he appeared before the magistrate and was released.
> On August the 23rd, right, he tested positive for marijuana.
> On December the 5th, he was charged with stalking and three counts of harassment by the Nesquehoning police.
> . . . .
> . . . On November the 6th [of 2006], he was cited by the Lehighton police with [another] harassment charge. . . .
> . . . .
> You know, so all this conduct of him on pretrial release is inconsistent with acceptance of responsibility as far as I'm concerned.
> When a person is on release, he should observe the law. . . . [H]ere we have what appears to be three violations.
> So, I cannot agree with [defense counsel], and your objections are denied.

(App. 31-32.) After the Court gave the above explanation, which seemed to rely on the

---

[1] We use "PSR" to refer collectively to the initial PSR and the two subsequent addenda.

August 23, 2005 positive drug test in addition to the two harassment incidents, defense counsel told the Court the following:

> I would just like to point out to the Court, it's my understanding that, just to clarify, that Mr. Cummings' initial drug positives were when he was initially tested on the first day of coming in, he tested positive for marijuana, and the subsequent tests were within, I believe, a week or two. And I believe that the levels were coming down at that time, just to clarify the situation.

(App. 33-34.) The Court responded, "Thank you." (App. 34.) Defense counsel later reiterated his point, stating that "I would submit those first few drug tests were positive as a result of just -- they were going to be positive because his levels were reducing the amount of marijuana in his system." (App. 39.) Despite the fact that it denied Cummings the reduction in offense level that he sought for acceptance of responsibility, the Court gave him a below-Guidelines sentence of 25 months.

U.S.S.G. § 3E1.1 allows for up to a three-point reduction in base offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." The defendant has the burden to show his entitlement to such a reduction by a preponderance of the evidence. *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002). We review the District Court's factual determinations regarding acceptance of responsibility for clear error, which means that we will reverse "only if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185, 199 (3d. Cir. 2007).

One appropriate factor for courts to consider in evaluating an acceptance-of-

3

responsibility argument is whether the defendant has "voluntar[ily] terminat[ed] or withdraw[n] from criminal conduct or associations." U.S.S.G. § 3E1.1, application note 1(b). We have made clear that this includes criminal activity that is unrelated to the convicted offense. *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996).

Cummings' argument that the District Court erred by relying partially on his positive drug test because the marijuana was in his system from before his arrest may have arguable merit. However, this was argued, not proven by any evidence. Moreover, the court relied on not only this conduct but also the two harassment incidents as support for the position that Cummings continued to engage in unlawful acts and thus was not entitled to the § 3E1.1 reduction.

We conclude that it was not clearly erroneous for the District Court to consider the positive drug test along with other acts in finding that Cummings failed to demonstrate that he was entitled to an offense-level reduction for acceptance of responsibility. Therefore, we will affirm the District Court's sentence.