

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Campbell" (2008). *2008 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

---

NO. 07-4672

---

UNITED STATES OF AMERICA

v.

RICHARD M. CAMPBELL,
Appellant

---

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00348)
District Judge:  Hon. John E. Jones, III

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008

BEFORE:  SLOVITER, STAPLETON, and TASHIMA,*
Circuit Judges

(Opinion Filed: November 5, 2008)

---

*Hon. A. Wallace Tashima, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Richard Campbell challenges his sentence, arguing that the District Court erred in denying him a reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, erred in imposing a four-level enhancement for possession of child pornography, and erred in imposing an excessively long term of incarceration. We perceive no error and thus will affirm.

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

After a series of graphic online conversations with "Tara," who he thought was an underage girl, Campbell arranged a meeting so that they could consummate their relationship. When Campbell arrived at the hotel where this meeting was to take place, he was arrested by law enforcement officers; "Tara" was a pseudonym for Jonathan Cook, an F.B.I. Special Agent who investigates cyber-pedophiles. Campbell pled guilty to using a computer to entice a minor to engage in sexual activity and was sentenced to 120 months of incarceration. He now appeals.[1]

---

[1] Jurisdiction is proper pursuant to 18 U.S.C. § 3742.

At sentencing, Campbell sought a downward adjustment pursuant to U.S.S.G. § 3E1.1 based on his purported acceptance of responsibility, even though he argued then (and still argues now) that "Tara's" entreaties were so enticing that they "served to induce him to finally step beyond the circumscribed cybersex boundaries that he had originally set for himself." (Campbell Br. at 18.) The District Court determined that Campbell – a man who repeatedly corresponded with someone he thought was a minor, asking her to role-play scenarios like "Daddy/Daughter," and then attempted to arrange a meeting with her for the express purpose of engaging in sexual activities – was trying to blame the situation on the government, and thus had not truly accepted responsibility. We find no clear error in the District Court's determination. *E.g.*, *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996).

Campbell next argues that the District Court should not have imposed a four-level upward adjustment based on his possession of more than three hundred images of child pornography. U.S.S.G. § 5K2.0. We disagree; Campbell escaped prosecution "for possession of [these] images . . . only through his plea agreement, which explicitly recognized that such conduct would be taken into account . . . during sentencing," and that is precisely what happened. (App. 29a (November 21, 2007 Memorandum and Order of the District Court).) As a result, the District Court properly considered this evidence in sentencing Campbell.

Finally, Campbell contends that his sentence is simply too excessive to be in keeping with 18 U.S.C. § 3553(a). He argues that he is not a pedophile and that the risk of recidivism is low. Whatever the merits of this argument, the District Court did not abuse its discretion. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). The record indicates that the District Court conducted an extensive inquiry and provided a detailed explanation of its sentencing decision, a decision that was based on the facts at its disposal. Or in other words, it made good use of its discretion to fashion a penalty that fit the crime. *See, e.g., Id.* at 601-02.

## III.

The judgment of the District Court will be affirmed.