NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4716
_____

UNITED STATES OF AMERICA

v.

GABRIEL RIVERA-GIL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-06-cr-00199-002
District Judge: The Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed:  November 10, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

    Gabriel Rivera-Gil appeals from the judgment of the United States District

Court for the Middle District of Pennsylvania.[1]  For the reasons set forth below, we will affirm.

Rivera-Gil was arrested when Pennsylvania law enforcement authorities conducted a search of a hotel room pursuant to a warrant and found, *inter alia*, two duffel bags containing approximately forty kilograms of cocaine.  After being charged in both an indictment and a superseding indictment, Rivera-Gil pleaded guilty to an information, charging him with conspiring to possess and to distribute cocaine in violation of 21 U.S.C. § 846 and criminal forfeiture.  Although the plea agreement contained a provision referencing Rivera-Gil's cooperation with the government, that provision was eliminated because of concerns by Rivera-Gil about retribution upon him and his family if he cooperated.  Thereafter, Rivera-Gil was called as a witness by the government in the trial of one of his co-conspirators. He refused to testify, and filed a motion to withdraw his guilty plea.  Upon motion by the government, Rivera-Gil received a grant of immunity.  When Rivera-Gil continued to be silent, the District Court found him in civil contempt, explained that he could purge the contempt if he testified before the end of the trial, and, when he failed to do so, sentenced him for criminal contempt to six months of imprisonment consecutive to any other sentence.  The Court denied his motion to

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §3742(a).

withdraw his plea. Nonetheless, Rivera-Gil was intransigent and the contempt conviction stood.

Thereafter, Rivera-Gil's presentence investigation report (PSR), which initially calculated a guidelines range of 87 – 108 months, was revised to account for his criminal contempt conviction. This increased his criminal history category from I to II because of the addition of two points for the contempt conviction, thereby resulting in the loss of his eligibility for a safety valve reduction. In addition, the revised PSR eliminated the three point downward adjustment he had received for his acceptance of responsibility by pleading guilty to an information. The rationale for stripping Rivera-Gil of the acceptance of responsibility adjustment was that he had continued to engage in criminal conduct while awaiting sentencing. As a result, his guidelines range almost doubled to 168 – 210 months.

Rivera-Gil objected to the revised guideline calculation at sentencing. The District Court inquired whether he was making an objection under step one or step three in the sentencing process.[2] Rivera-Gil advised that the objection was under step three. As a result, the Court adopted the findings and calculations in the PSR.

---

[2] *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (setting out the "three-step sentencing process," which requires district courts to correctly calculate the guidelines range, to rule on any motions by the parties, and finally, to exercise its discretion under 18 U.S.C. § 3553(a)); *see also Gall v. United States*, 552 U.S. 38, 49-50 (2007).

Rivera-Gil argued for a downward variance on the basis that the revised calculation overstated his offense level and failed to take into account his fear of reprisal. The Court concluded that there was "some merit to that argument" and departed downward from the guideline range, imposing a sentence of 138 months. This timely appeal followed.

Rivera-Gil asserts that the District Court erred because his sentence is substantively unreasonable.[3] We review for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

---

[3] Rivera-Gil does not contend that the District Court procedurally erred at sentencing by eliminating the acceptance of responsibility adjustment he received for pleading guilty to an information, thereby resulting in a significant increase in his guideline range. For that reason, we need not resolve whether Rivera-Gil's refusal to testify under a grant of immunity because of a fear of reprisal and a finding of criminal contempt warrants the elimination of his adjustment for an acceptance of responsibility. Nonetheless, we note that a contempt conviction arising out of safety concerns for oneself and one's family is different than a contempt conviction arising out of an effort to assist the defense of a co-conspirator. As a result, the revocation of an acceptance of responsibility adjustment might be warranted if the District Court's findings indicated that the contempt conviction was based on continuing criminal conduct. *See United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996). The same might not be warranted if the criminal contempt conviction arises out of a fear of reprisal. Although this distinction was not addressed by the District Court, we will not disturb the District Court's judgment as plain error review applies. *See Olano v. United States*, 507 U.S. 725, 732, 734 (1993). Assuming the failure to make an explicit finding in this regard was an error, it was by no means obvious, as we have been unable to find any case law addressing a similar scenario. Moreover, we cannot ignore that Rivera-Gil sought to withdraw his guilty plea, which implicitly suggests he was no longer willing to accept responsibility for his actions.

Although his sentence was below the guidelines range, Rivera-Gil contends it was "still disproportionately high considering [his] involvement in the  criminal enterprise."  He submits that the Court failed to adequately consider his cooperation with the government and the extent to which he accepted responsibility for his involvement in the conspiracy.  The sentencing transcript belies this argument.  It reveals that the District Court thoughtfully considered these factors, *see United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (reiterating that the "touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)"), and credited Rivera-Gil's prayer for a downward variance. Furthermore, the Court explained that the 138 month sentence was warranted given the large quantity of drugs involved, the fact that Rivera-Gil was a trusted member of the conspiracy, "the brazen nature of this drug trafficking organization," and the need for deterrence.  Accordingly, we conclude that there is no basis for disturbing the District Court's judgment and we will affirm.