**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1344
_____

UNITED STATES OF AMERICA

v.

EVENS CLAUDE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00090-001)
District Judge: Hon. Jan E. Dubois
_____

Submitted under Third Circuit LAR 34.1(a)
October 29, 2012

Before: SLOVITER, AMBRO and ALDISERT, Circuit Judges.

(Filed: November 1, 2012)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Evens Claude appeals a judgment of the United States District Court for the

Eastern District of Pennsylvania, sentencing him to 18 months imprisonment for (1)

conspiracy to utter counterfeit obligations and (2) uttering counterfeit obligations. Claude

argues that the District Court erred in denying his request for a two-level sentence reduction for acceptance of responsibility under the Sentencing Guidelines because it based its decision on allegations underlying an indictment which remain "unproven" and "in dispute." Brief for Appellant 10. We conclude that the District Court did not err in determining that Claude failed to qualify for the acceptance of responsibility reduction, and will therefore affirm the judgment of sentence.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

On June 18, 2010, Claude and a co-defendant were arrested at the Galleria Mall in Houston, Texas, with approximately $10,700.00 in counterfeit currency in their possession. A grand jury indicted Claude for conspiracy to utter counterfeit obligations, in violation of 18 U.S.C. § 371, and uttering counterfeit obligations, in violation of 18 U.S.C. § 472. On October 3, 2011, Claude entered an open guilty plea to the indictment and the Court revoked Claude's bail. The Court revoked bail after determining there was probable cause that Claude had committed felonies related to identity theft while on release, and clear and convincing evidence that Claude violated the conditions of his release by continuing to have contact with people engaged in criminal activity. The Court based its determinations on extensive evidence presented by the Government that Claude was involved in a wide-ranging identity-theft scheme while on release. On January 25, 2012, a federal grand jury in Philadelphia indicted Claude for conspiracy, bank fraud, access device fraud, and aggravated identity theft related to the alleged identity-theft scheme.

At the January 31, 2012 sentencing hearing for the counterfeiting crimes to which

Claude had pleaded guilty, the District Court denied Claude's request for a two-level sentence reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The Government presented much of the same evidence that it had presented at the earlier bail revocation hearing, with a detailed description of Claude's alleged involvement in the identity-theft scheme and the incriminating evidence gathered by United States Secret Service agents during a search of Claude's apartment. This evidence included, among other things, cellular phones that had been used to facilitate identity theft, records of text message communications in furtherance of identity theft, computer records indicating unauthorized attempts to access victims' bank accounts, and a stolen check from a victim of bank fraud. The Court considered this evidence and determined over Claude's objection that he was not entitled to the acceptance of responsibility reduction, and sentenced him to 18 months' imprisonment. Claude timely appeals.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Although we review de novo a district court's interpretation of the Sentencing Guidelines, including U.S.S.G. § 3E1.1, we review for clear error a district court's factual determination regarding a criminal defendant's entitlement to a sentence reduction for acceptance of responsibility. United States v. Ceccarini, 98 F.3d 126, 129 (3d Cir. 1996). "Because the sentencing judge 'is in a unique position to evaluate a defendant's acceptance of responsibility,' we give great deference on review to a sentencing judge's decision not to apply the two-level reduction for acceptance of responsibility to a particular defendant." United States v. Barr, 963 F.2d 641, 657 (3d Cir. 1992) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

3

III.

We conclude that the District Court did not err in denying Claude a two-level sentence reduction for acceptance of responsibility, and will affirm its sentence.

Section 3E1.1(a) of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels." The Commentary sets forth a non-exhaustive list of considerations which may be used in determining whether a defendant qualifies for the two-level sentence reduction. U.S.S.G. § 3E1.1 cmt. n.1. Two considerations particularly relevant to the case before us are whether a defendant: "(A) truthfully admit[ted] the conduct comprising the offense(s) of conviction . . ." and "(B) voluntar[il]y terminat[ed] or withdr[ew] from criminal conduct or associations." Id. The Commentary further explains that although a defendant's entry of a guilty plea before trial constitutes significant evidence of acceptance of responsibility, a defendant may not qualify for the reduction if he or she engages in conduct inconsistent with that acceptance. U.S.S.G. § 3E1.1 cmt. n.3. This Court has stated that "[a] mechanical plea or confession to an indictment or counts thereof does not necessarily evince a genuine sense of remorse or intent to pursue lawful conduct." Ceccarini, 98 F.3d at 130. "Continual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation." Id.

Claude argues that the District Court inappropriately considered his alleged identity-theft activities as evidence of conduct that disqualifies him for a sentence reduction. Claude considers the evidence provided by the Government to be "simply an explanation of the basis for the arrest." Brief for Appellant 10. He argues that because

"[t]he Government's allegations remain unproven and the charges are still in dispute," this evidence is insufficient to support denial of the sentence reduction. Id.

We find no merit in this argument. To be sure, this Court has prohibited the use of bare arrest records alone to increase a defendant's sentence. See United States v. Berry, 553 F.3d 273, 284 (3d Cir. 2009) (holding that "a bare arrest record—without more— does not justify an assumption that a defendant has committed other crimes and it therefore can not [sic] support increasing his/her sentence in the absence of adequate proof of criminal activity"). First, we note that denial of a sentence reduction is not actually a sentence increase, but more importantly, here the District Court had before it significantly more evidence than a bare arrest record. Facts relevant to sentencing, such as the facts of Claude's conduct here, need only be proved by a preponderance of the evidence. See United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). The Government introduced detailed evidence of Claude's criminal activities and involvement with individuals engaged in criminal activity after his arrest and during the pretrial period. This evidence was sufficient for the Court to conclude by a preponderance that Claude continued his criminal conduct while on release, and consistent with U.S.S.G. § 3E1.1 cmt. n.3, the Court determined that this conduct outweighed any acceptance of responsibility suggested by Claude entering a guilty plea. In light of the substantial and extensive evidence proffered by the Government, we conclude that the District Court's determination that Claude did not qualify for an acceptance of responsibility two-level sentence reduction was not clearly erroneous.

* * * * *

We have considered all of the arguments advanced by the parties and conclude

that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.