**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3445
_____

UNITED STATES OF AMERICA

v.

PERLIE JOHNSON,

Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.:  4-16-cr-00231-004)
District Court Judge:  Honorable Matthew W. Brann

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 17, 2019

(Filed: October 10, 2019)

Before:  KRAUSE, MATEY and RENDELL, <u>Circuit Judges</u>.

# O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>:

Appellant Perlie Johnson pleaded guilty to one count of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). The District Court sentenced Johnson to 103 months' imprisonment. Johnson now challenges his sentence. For the reasons discussed below, we will affirm the District Court's judgment.

## I.[1]

Perlie Johnson participated with three inmate coconspirators in an assault on another inmate at United States Penitentiary, Lewisburg. A grand jury indicted Johnson and his coconspirators for conspiracy to commit assault with a dangerous weapon in violation of 18 U.S.C. § 371, assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), and possession of contraband in violation of 18 U.S.C. § 1791(a)(2). Johnson agreed to and eventually did plead guilty to assault with a dangerous weapon. As part of Johnson's plea agreement, the Government agreed to drop the other two charges against Johnson and to recommend a two- or three-level reduction in Johnson's offense level for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

Before Johnson's sentencing, the United States Probation Office ("the Probation Office") prepared a presentence investigation report ("PSR"). The Probation Office noted that the Bureau of Prisons had cited Johnson for disciplinary infractions eleven times since the assault that was the basis for his indictment. The Probation Office noted that Johnson had not withdrawn from criminal conduct and recommended that the District Court deny Johnson a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Johnson objected to the Probation Office's recommendation.

In Johnson's sentencing memorandum and at his sentencing hearing, Johnson again pressed his objection to the Probation Office's recommendation that Johnson should not be awarded a reduction for acceptance of responsibility. The Government, in keeping with its agreement with Johnson, recommended a three-level reduction for acceptance of responsibility.

The District Court declined to award Johnson an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The District Court heard argument from Johnson's counsel about Johnson's acceptance of responsibility and his post-offense misconduct; observed that Johnson's eleven prison misconduct incidents included assaults, threats, and possession of dangerous weapons; and described U.S.S.G. § 3E1.1 and Application Note One to U.S.S.G. § 3E1.1, including the factors that the District Court considered when determining whether to award Johnson an offense-level reduction for acceptance of responsibility. The District Court then stated, "[p]ursuant to [*United States v. Ceccarani*, 98 F.3d 126 (3d Cir. 1996)], I have consistently disallowed credit for acceptance of responsibility when defendants continue to engage in the same strain of

3

post-offense conduct as in the instant offense." App. 80–81. The District Court sentenced Johnson to 103 months' imprisonment, which was within the advisory Guideline range as calculated without any offense-level reduction for acceptance of responsibility.

## II.

### A.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "A district court's factual determination of whether the defendant is entitled to an acceptance of responsibility reduction in his sentence is reviewed on a clearly erroneous standard." *Ceccarani*, 98 F.3d at 129. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . , the determination of the sentencing judge is entitled to great deference on review." *Id.* (quoting U.S.S.G. § 3E1.1, cmt. n.5). "However, the question of whether the district court correctly interpreted U.S.S.G. § 3E1.1 is a legal question and subject to plenary review." *Id.*

### B.

Johnson argues that the District Court erred in declining to reduce his offense level for acceptance of responsibility. We disagree and will affirm the District Court's judgment.

Under U.S.S.G. § 3E1.1, a district court may decrease a defendant's offense level by two or three levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense . . . ." U.S.S.G. § 3E1.1. Application Note One to U.S.S.G.

4

§ 3E1.1 further instructs district courts to consider a non-exhaustive list of eight "appropriate considerations" when deciding whether to reduce a defendant's offense level for acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n.1. The eight considerations include the defendant's "(A) truthfully admitting the conduct comprising the offense(s) of conviction . . . ; (B) voluntary termination or withdrawal from criminal conduct or associations; . . . and (H) . . . timeliness . . . in manifesting the acceptance of responsibility." *Id.* Although entry of a plea of guilty:

> prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility . . . [,] this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S.S.G. § 3E1.1, cmt. n.3.

Johnson argues that the District Court erred because the District Court declined to reduce his offense level based on its policy to deny the reduction when a defendant engages in post-incident misconduct without reference to or analysis of any other factors from Application Note One to U.S.S.G. § 3E1.1. *See* Appellant's Br. at 13.

We agree with Johnson that a defendant should not be precluded from an acceptance of responsibility reduction solely because the defendant engaged in post-indictment misconduct and agree that sentencing judges must conduct an individualized assessment of each defendant's situation in light of the non-exhaustive factors from Application Note One to U.S.S.G. § 3E1.1.

5

In this case, the language used by the District Court—that it "consistently disallowed credit for acceptance of responsibility when defendants continue to engage in the same strain of post-offense conduct as in the instant offense," App. 80–81—was unfortunate in that it could be read in isolation to reflect an impermissible "policy." But in context, it is apparent that the District Court was merely making an observation about its historic practice and that it was conducting an individualized assessment of Johnson's situation. Specifically, the District Court enumerated the factors from Application Note One to U.S.S.G. § 3E1.1 on the record and heard argument from Johnson's counsel about Johnson's eligibility for the reduction, including a detailed discussion of the factual record relating to Johnson's post-offense misconduct. After considering the factors, the District Court found that Johnson was not eligible for any offense-level reduction for acceptance of responsibility. Because we do not find that the District Court automatically denied Johnson's acceptance of responsibility reduction solely because of Johnson's post-offense misconduct, we will not disturb the District Court's judgment.

### III.

For the foregoing reasons, the District Court did not err by declining to reduce Johnson's offense level for acceptance of responsibility. We affirm the District Court's judgment.