**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1914
_____

UNITED STATES OF AMERICA

v.

LAFON ELLIS,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:19-cr-00369-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 7, 2025

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges*

(Opinion filed: May 7, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

LaFon Ellis was convicted of a firearm offense and sentenced to 78 months' imprisonment. He appeals from his sentence, challenging the District Court's denial of an acceptance-of-responsibility reduction to his offense level under the Sentencing Guidelines. For the following reasons, we will affirm the judgment of sentence.

**I**

In December 2022, Ellis pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In preparation for sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR") on February 14, 2023. The PSR subtracted two points from Ellis's offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and it calculated a Guidelines range of 63 to 78 months' imprisonment.

Ellis was confined in the Allegheny County Jail following his guilty plea. Three days after the Probation Office completed the PSR, correctional officers at the jail recovered a large quantity of controlled substances from underneath the mattress Ellis was occupying. During the incident, Ellis stated, "You finally got me after all this time." App. 93.

In May 2023, correctional officers recovered a razor blade and balloons containing controlled substances from Ellis's person, and they recovered controlled substances from Ellis's cell. A third cell search in July 2023 uncovered more controlled substances. In addition to these three incidents, Ellis had eighteen misconduct reports in his jail record.

After the government learned about Ellis possessing controlled substances and a razor blade, it informed the District Court that it opposed the offense-level reduction for acceptance of responsibility. The Probation Office agreed with the government. It issued an addendum to the PSR that removed the acceptance-of-responsibility reduction and calculated a Guidelines range of 77 to 96 months' imprisonment.

At Ellis's sentencing hearing, the government introduced a written summary of Ellis's misconduct at the jail, and an officer with firsthand knowledge of the incidents testified that the summary was accurate. Ellis did not object to the written summary, cross-examine the officer, or present any evidence. Through counsel, he stated that he was not accepting responsibility for the controlled substances found during the May and July 2023 cell searches. (When the District Court asked whether Ellis was "not challenging" the February 2023 incident, Ellis's counsel responded, "No." App. 75.) He also stated that many of his jail misconduct reports were the subject of pending administrative appeals.

The District Court found that Ellis committed misconduct at the jail on multiple occasions, including by possessing controlled substances and other contraband. Over Ellis's objection, it declined to apply the acceptance-of-responsibility reduction. After considering the Guidelines range of 77 to 96 months' imprisonment, the District Court imposed a 78-month sentence. It noted that it would have imposed the same 78-month sentence even if the acceptance-of-responsibility reduction applied.

Ellis timely appealed.

3

**II**[1]

In the District Court, Ellis bore the burden of establishing by a preponderance of the evidence that he was entitled to an acceptance-of-responsibility reduction. *United States v. Mercado*, 81 F.4th 352, 360 (3d Cir. 2023). We review the District Court's denial for clear error. *Id.* We afford the District Court's ruling great deference because the District Court was "in a unique position to evaluate [the] defendant's acceptance of responsibility." *Id.* (quoting *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002)).

Although a pretrial guilty plea is "significant evidence of acceptance of responsibility," that evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1 cmt n.3; *Mercado*, 81 F.4th at 360 (concluding comments one and three to § 3E1.1 are entitled to deference and accorded controlling weight). And "[c]ontinu[ed] criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation." *Mercado*, 81 F.4th at 359 (quoting *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996)).

Here, the District Court considered Ellis's pretrial guilty plea and his post-plea criminal activity, which included possession of controlled substances. Its conclusion that Ellis did not demonstrate acceptance of responsibility for his offense was not clearly erroneous.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

\*      \*      \*

For the foregoing reasons, we will affirm the judgment of sentence.