

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# USA v. Richard Lake

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Richard Lake" (2009). *2009 Decisions.* Paper 1327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2482

UNITED STATES OF AMERICA

v.

RICHARD M. LAKE,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-00323-002)

District Judge: Honorable William W. Caldwell

Submitted under Third Circuit L.A.R. 34.1(a)
on March 10, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges

(Opinion Filed: May 22, 2009 )

OPINION OF THE COURT

ALDISERT, Circuit Judge.

Richard Lake ("Appellant") and his co-conspirators were charged in a seventeen-

count indictment with conspiracy, armed bank robbery and a firearm offense. The Appellant was named as a defendant in five of those seventeen counts and entered into a plea agreement with the United States. In that agreement, the Appellant agreed to waive his right to appeal any sentence imposed within the statutory maximum as well as his right to appeal the manner in which that sentence was determined. Having now appealed his sentence, the Appellant contends that the District Court erred in calculating that sentence. We will enforce the waiver-of-appeal provision because we hold that the Appellant's agreement was knowing and voluntary and that imposition of sentence would not amount to a miscarriage of justice. We will affirm.[1]

I.

The Appellant was charged with: (1) aiding and abetting the June 1, 2007, armed robbery of the M&T Bank, a robbery that netted Lake and his co-conspirators approximately $20,000; (2) aiding and abetting the July 21, 2007, armed robbery of the Bank of Hanover, an armed robbery that netted Lake and his co-conspirators more than $80,000; (3) conspiring to commit armed bank robberies; (4) being an accessory after the fact to bank robbery; and (5) illegally possessing a firearms silencer. In his plea agreement, the Appellant agreed to plead guilty to two offenses, Criminal Conspiracy to Commit Armed Bank Robbery (18 U.S.C. §§ 371, 2113(a) and (d)) and Making and Failing to

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the validity of a waiver de novo. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001).

Register a Firearm/Silencer (26 U.S.C. §§ 5822, 5861(f), 5871).

The Appellant's plea agreement contained a detailed waiver-of-appeal provision, which read as follows:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined . . . . The defendant also waives the defendant's rights to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

App. 52a-53a.

The Appellant then re-affirmed the decision to waive his appellate rights at the time of his guilty plea colloquy, stating three times under oath that he understood he was forever waiving his right to appeal. App. 71a-72a. The District Court imposed a sentence of 72 months imprisonment and this appeal followed.

## II.

Defendants are entitled to waive constitutional and statutory rights, including the right to appeal, provided that they do so knowingly and voluntarily. United States v. Mabry, 536 F.3d 231, 236-237 (3d Cir. 2008). Accordingly, the United States is entitled to enforce appeal waivers like the waiver signed by the Appellant. In fact, this Court has

3

upheld the enforceability of appeal waivers almost identical to the one signed by the Appellant. See id. (upholding a waiver in which the defendant waived "any right 'to appeal any conviction and sentence, including a sentence imposed within the mandatory minimum, on any and all grounds set forth in [18 U.S.C. § 3742] or any other grounds, constitutional or nonconstitutional'" and his "'right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under [28 U.S.C. § 2255]'").

This Court will exercise its jurisdiction to review the merits of a waiver of appeal even if we conclude that an appellant knowingly and voluntarily waived her right to appeal because we must still decide if the result would work a miscarriage of justice. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). Here, there is no dispute that the Appellant's waiver was both knowing and voluntary. The written waiver was signed both by the Appellant and by his counsel, who certified in writing that the Appellant's decision was a voluntary one. This voluntary choice was specifically addressed in the plea colloquy, where, in the presence of counsel, the Appellant thrice advised the court that he understood he was waiving his opportunity to appeal his sentence by pleading guilty under the terms of the agreement. In addition, the Appellant's counsel admits that the waiver was knowing and voluntary in his brief before this Court. The only issue, therefore, is whether or not upholding the waiver would work a miscarriage of justice.

III.

This Court utilizes a common sense approach in determining whether enforcing a waiver of appeal would result in a miscarriage of justice. Mabry, 536 F.3d at 242 (citing Khattak, 273 F.3d at 563) ("In the waiver context, we have adopted a common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced"). We look to several factors to make that determination, including: the clarity of the error, its gravity, its character, the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Id. at 242-243 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

The Appellant argues that the District Court erred in the sentencing process in two ways. First, he contends that the District Court erred by denying him a reduction in criminal history points for acceptance of responsibility because, although he did test positive for cocaine four times after his arrest, the Appellant did eventually undertake successful drug treatment. The Appellant argues that ultimately successful drug treatment outweighs post-arrest drug use and, therefore, the District Court's denial of a reduction in criminal history points constitutes a miscarriage of justice.

Second, the Appellant argues that the District Court erred by applying a six-point enhancement to his Guidelines offense level to reflect the fact that the actual robber (the Appellant was only charged with Conspiracy to Commit Armed Bank Robbery) used a firearm in the commission of the offense. He argues that it was not reasonably foreseeable

that his co-conspirator would use a firearm during the armed bank robbery.

The Appellant cannot show that enforcement of his appeal waiver would work a miscarriage of justice. First, the District Court did not err in denying the Appellant a reduction in criminal history points for acceptance of responsibility. A district court's factual determinations under the Guidelines may only be disturbed on appeal if they are clearly erroneous. Gall v. United States, 128 S.Ct. 586, 597 (2007); United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007). While on bail supervision, the Appellant tested positive for cocaine use on four separate occasions, and twice failed to report for drug testing as mandated by the conditions of his release. Three of these violations occurred after the Appellant pled guilty. It is well settled that a district court has discretion to deny acceptance of responsibility credit to a defendant who indulges in post-plea illegal drug use. See United States v. Ceccarani, 98 F.3d 126, 129-130 (3d Cir. 1996). The District Court had wide discretion in determining whether the Appellant was entitled to an acceptance of responsibility reduction and did not stray beyond the permissible limits of exercising that discretion.

Similarly, the District Court did not err in holding that it was reasonably foreseeable that the armed bank robbery conspiracy would result in the use of a firearm. It should be noted that the Appellant pled guilty to Conspiracy to Commit Armed Bank Robbery. Defendants may be held accountable for the use of firearms by others in a criminal conspiracy whenever that firearms use is "reasonably foreseeable." U.S.S.G. §

1B1.3(a)(1)(B). Not only did the Appellant plead guilty to <u>armed</u> bank robbery, but the very nature of the crime makes it reasonably foreseeable that a firearm would be utilized in its commission.

Finally, the Appellant's waiver reflects the informed give-and-take of plea negotiations. In return for this waiver, the Appellant received several benefits under the plea agreement. He was not convicted of armed robbery charges which carried more severe statutory penalties, and he was able to earn a sentencing departure through his truthful cooperation with the government. The sentence imposed on the appellant – 72 months imprisonment – fell more than four years below the minimum Guideline imprisonment range initially calculated by the probation office. The mere assertion that other members of the conspiracy received lower sentences or that the actual robber's sentence was only 38 months more, is not sufficient to establish a miscarriage of justice.

\* \* \* \* \*

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.