NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2430
_____

UNITED STATES OF AMERICA

v.

WILLIAM CARTHENS,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-09-cr-00740-001)
District Judge:  Hon. James Knoll Gardner
_____

Argued
April 13, 2011

Before:   FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: May 10, 2011)
_____

Robert Epstein   [ARGUED]
Nina C. Spizer
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street - #540 West
Philadelphia, PA  19106
        *Counsel for Appellant*

Anita D. Eve   [ARGUED]
Robert A. Zauzmer
Office of United States Attorney
615 Chestnut Street - #1250
Philadelphia, PA   19106
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

William Carthens appeals the judgment of the United States District Court for the Eastern District of Pennsylvania sentencing him to 24 months' imprisonment, three years supervised release, and $2,200 in fines and assessments for possession of and passing counterfeit United States currency in violation of 18 U.S.C. § 472.  Carthens asserts that the District Court erred by not awarding him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  In Carthens's view, the Court impermissibly relied on his arrest on unrelated charges months after he pled guilty in this case.  Because the District Court did not adequately articulate its basis for denying Carthens a reduction for acceptance of responsibility, we will vacate and remand for resentencing.

I.      **Factual Background**

In July 2009, William Carthens was arrested after using counterfeit United States currency for various purchases.  He was subsequently indicted for possession of and passing counterfeit currency in violation of 18 U.S.C. § 472, and he pled guilty on January 22, 2010, without a written plea agreement.  The United States Probation Office issued a Presentence Investigation Report ("PSR") that calculated Carthens's adjusted

offense level to be 8, after a recommended two-level reduction for acceptance of responsibility. Combined with a calculated criminal history category of IV, Carthens's Guidelines range called for 10 to 16 months' imprisonment.

Later, on April 20, 2010, while on bail pending sentencing, Carthens was arrested for wrongful impersonation, credit card theft, and fraudulent use of a credit card. He had allegedly attempted to use a credit card issued in someone else's name to purchase two pairs of shoes at a department store. Shortly thereafter, the Probation Office sent a letter to the Court regarding the new charges against Carthens. Bearing the caption "Violation of Pretrial Release Condition"[1] (App. at 109), the letter informed the Court that an investigating detective had told the Probation Office both that the evidence "includes witness identification" and that "the defendant is seen on video tape." (*Id.*) The letter also included a copy of the criminal complaint setting forth the new charges. On May 7, 2010, the Probation Office issued a revised PSR which recommended against a two-point reduction for acceptance of responsibility in light of the alleged credit card fraud.[2] In the revised PSR, the Probation Office calculated a new Guidelines range for Carthens of 21 to 27 months' imprisonment.

---

[1] The District Court indicated that Carthens would have violated his bail conditions only by committing the credit card fraud, not by being arrested for it. Whether Carthens violated a condition of his release is not at issue on appeal because the District Court did not rely on any such violation in imposing sentence.

[2] The revised PSR also recalculated Carthens's criminal history category to be V, based on additional information about one of Carthens's prior convictions. That recalculation is not challenged on appeal. If Carthens had been granted a two-level reduction for acceptance of responsibility, his Guidelines' range would have been 15 to 21 months' imprisonment with a criminal history category of V.

At his sentencing hearing, which spanned part of a Friday and the following Monday, Carthens objected to the Probation Office's conclusion that, though he had pled guilty, he was not entitled to a two-point offense level reduction for acceptance of responsibility. Addressing the objection, the District Court at first said that, since Carthens had "presented no evidence at th[e] hearing to support the request, [Carthens] ha[d] failed to establish by a fair preponderance of the evidence or by any standard of proof, that [he] is entitled to receive the downward adjustment." (App. at 188.)

The Court then stated an alternative basis for denying the requested reduction. It noted that the burden was on Carthens to show that he was entitled to an adjustment for acceptance of responsibility and then said that "[Carthens's] arrest on credit card fraud and identification charges … [was] sufficient evidence to satisfy [the Court] that [he] – by a fair preponderance of the evidence [–] … did not withdraw from criminal conduct or associations," even taking as true his cooperation with prosecutors. (*Id.* at 192-93.)

After reaching that conclusion, the Court turned to yet another alternative ground for its holding. The Court said that, in addition to the record of the arrest, there was a security video that captured Carthens and his friend committing the credit card fraud, or "at least it captured [Carthens] being there doing it." (*Id.* at 193.) Relying on the reported content of the video, the Court concluded that Carthens had "not withdrawn from criminal associations, as association with someone else committing a crime while [Carthens] was with him" because, even if Carthens's "version is correct," i.e., even if his friend was the one perpetrating the fraud, "[Carthens] was guilty of associating with the criminal who did commit that crime." (*Id.*) The Court held that that finding was

4

"sufficient … to deny the two-level downward adjustment for the acceptance of responsibility." (*Id.*)

After stating its grounds for not awarding the two-level reduction for acceptance of responsibility, the Court adjourned the sentencing hearing for the weekend and resumed it the following Monday. On that second day, the Court sentenced Carthens to 24 months' imprisonment, three years supervised release, and $2,200 in fines and assessments. Among other things, the Court stated:

> Mr. Cartherns (sic) has sought to justify or minimize his actions by blaming it on the economy. But other than that, I believe he is fully accepting of the responsibility for his actions and is remorseful and has apologized to the Court. I believe, therefore, that this sentence will be sufficient but not greater than necessary to reflect the seriousness of this offense and promote respect for the law and provide just punishment.

(*Id.* at 282-83.)

Carthens timely appealed his sentence, specifically challenging the Court's ruling on acceptance of responsibility.

## II.     Sentencing Procedure and Standard of Review[3]

District courts follow a now-familiar three-step process in sentencing. First, the court calculates the applicable Guidelines range. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Second, it states how any motion for departure it grants will affect the Guidelines calculation. *Id.* Third, it considers the § 3553(a) factors and

---

[3] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the sentence imposed on Carthens pursuant to 18 U.S.C. § 3742.

5

determines the appropriate sentence, which may vary upward or downward from the Guidelines range.[4]  *Id.*

Our review of a criminal sentence "proceeds in two stages."  *Id.*  First, we review for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If we find procedural error "our preferred course is to remand the case for re-sentencing, without going any further."  *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010).  Second, we review for substantive reasonableness, and "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Tomko*, 562 F.3d at 568.  At both the procedural and substantive stages, we review for abuse of discretion.  *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

Under U.S.S.G. § 3E1.1, a defendant bears the burden of demonstrating by a preponderance of the evidence that he is entitled to a reduction in his offense level for "clearly demonstrat[ing] acceptance of responsibility for his offense".  *United States v.*

---

[4] As a matter of terminology, a "departure" refers to a deviation from the step-one Guidelines calculations based on provisions within the Guidelines themselves and results in a change to the recommended Guidelines range.  A "variance," by contrast, refers to a deviation from the recommended Guidelines range based on the statutory factors outlined in § 3553(a).  *Tomko*, 562 F.3d at 562 n.3.

6

*Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998) (internal quotation marks omitted). "[T]he Guidelines make clear that '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.'" *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996) (quoting U.S.S.G. § 3E1.1 app. note 5). Accordingly, we review for clear error a district court's factual determination of whether a defendant has met the burden to show that acceptance of responsibility. *Id.* However, the question of whether certain evidence may be used to meet that burden is a legal question subject to plenary review. *Id.* Furthermore, if a court fails to adequately "articulate the reasons underlying its decision" on a factual question, "we will vacate [the] sentence and remand for resentencing" since "there is no way to review [the court's] exercise of discretion." *United States v. Negroni*, --- F.3d ---, 2011 WL 1125854, *7 (3d Cir. 2011) (internal quotations omitted).

## III.  Discussion

The District Court stated three alternative grounds for its decision to deny Carthens a two-level reduction for acceptance of responsibility. First, the Court said that Carthens had presented no evidence to show that he was entitled to such a reduction. Second, the Court appears to have held that, even if it recognized Carthens's plea and cooperation with authorities as evidence of acceptance of responsibility, his arrest was sufficient evidence for finding that he had not shown acceptance of responsibility. Third, the Court appeared to say that the presentence report and other information from the Probation Office – the videotape showing Carthens at the department store and

7

eyewitnesses testimony linking him to the credit card fraud – was sufficient to show that he did not accept responsibility.

The first of those alternatives is based on an erroneous understanding of what constitutes evidence of acceptance of responsibility. Carthens's plea and uncontested admission to prosecutors of his role in the counterfeiting scheme is, by law, evidence on which he could rely to demonstrate acceptance of responsibility.[5] The commentary to § 3E1.1 of the Guidelines makes clear that "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right," U.S.S.G. § 3E1.1 App. note 3, but the commentary also specifically directs courts to consider whether a defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction," U.S.S.G. § 3E1.1 App. note 1(A), and it further states that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct ... will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1 App. note 3. In fact, the original PSR in this case recommended that Carthens be awarded a two-level reduction for acceptance of responsibility based on his "guilty plea and his truthful statements to the government." (Original PSR at ¶ 14.)

The Court's rationale for its second alternative ground – that an arrest alone serves to totally undermine acceptance of responsibility – is, on this record, likewise legally

---

[5] The government conceded at sentencing that Carthens pled guilty and described his role in the underlying counterfeiting offense to prosecutors.

erroneous. It is undisputed that a "defendant's post-offense conduct can shed significant light on the genuineness of a defendant's claimed remorse." *Ceccarani*, 98 F.3d at 129. In *United States v. Berry*, however, we vacated the sentences of two individuals and held that "a bare arrest record – without more – does not justify an assumption that a defendant has committed other crimes and it therefore can not [sic] support increasing his/her sentence in the absence of adequate proof of criminal activity." 553 F.3d 273, 284, 286 (3d Cir. 2009).

Even though, in *Berry*, we supported our decision with cases that involved upward departures, our holding, by its terms, applies more broadly. *Id.* at 284 ("[C]onsiderations of fairness and due process apply whenever a sentence is increased. It is the fact of the increase based upon inadequate evidence, not the mechanism by which the increase is accomplished that offends due process. A defendant cannot be deprived of liberty based upon mere speculation."). We said that "unsupported speculation about a defendant's background is problematic whether it results in an upward departure, denial of a downward departure, or causes the sentencing court to evaluate the § 3553(a) factors with a jaundiced eye." *Id.* at 281. We were careful to note, however, that "appellate courts do permit consideration of the underlying conduct where reliable evidence of that conduct is proffered or where the PSR adequately details the underlying facts without objection from the defendant." *Id.* at 284. In that vein, we also said that a bare arrest record could support a sentencing enhancement in limited circumstances in which the records of arrest themselves may indicate reliability. "[T]here may be situations where the number of prior arrests, and/or the similarity of prior charges to the offense of

9

conviction, becomes so overwhelming and suggestive of actual guilt that they become exceedingly difficult to ignore." *Id.* "For example, … [the Seventh Circuit] thought that 23 prior arrests was probative of underlying criminality even though none of those arrests resulted in convictions." *Id.*

The District Court here relied solely on the record of Carthens's arrest to find that he had not met his burden of showing that he accepted responsibility. That record of arrest by itself, however, is not "so overwhelming and suggestive of actual guilt" as to be controlling." *Id.*

Setting aside the District Court's first two grounds as erroneous, we are left with the Court's third ground for denying credit for acceptance of responsibility, i.e. that there is other evidence, besides the arrest record, indicating that Carthens engaged in criminal conduct or associated with someone while that person committed a criminal act. Had the District Court plainly ruled on that basis, we could perhaps affirm,[6] but we are confronted with the District Court's perplexing statement on the second day of sentencing that, other than blaming his actions on economic conditions, Carthens was "fully accepting of the responsibility for his actions and … remorseful." (App. at 282-83.) After finding that

---

[6] On remand, the District Court should clarify its reasoning with respect to its conclusions regarding Carthens's acceptance of responsibility. Specifically, it would be helpful for the Court to explain whether it considered and was persuaded by the evidence before it, namely the state charging document, the video surveillance tape, any eyewitness statements or reports of such statements, and Carthens's own assertion that he was present at the store when the crime was committed. *See United States v. Hawk Wing*, 433 F.3d 622, 628 (8th Cir. 2006) (holding that before an arrest record can be considered in imposing an upward departure, the PSR "must also provide specific facts underlying the arrests," rather than "a mere record of arrest[s]").

10

Carthens had not accepted responsibility, the District Court appeared to say, to the contrary, that Carthens had in fact accepted responsibility for his actions. The inconsistency requires some explanation so that a definitive ruling on acceptance of responsibility is available for review.

## IV.     Conclusion

Although the denial of the two-level reduction for acceptance of responsibility might be justifiable on this record, the District Court's legal errors and contradictory statements regarding Carthens's acceptance of responsibility prevent us from understanding the basis for the denial. We will therefore "remand the case for re-sentencing, without going any further." *Merced*, 603 F.3d at 214.