NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2989
_____

UNITED STATES OF AMERICA

v.

ASHLEY STERLING,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-16-cr-00403-004)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 22, 2019

BEFORE:  GREENAWAY, JR., PORTER, and COWEN, Circuit Judges

(Filed: January 24, 2020)

_____

OPINION*
_____

COWEN, Circuit Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Defendant Ashley Sterling appeals from the criminal judgment entered by the United States District Court for the Eastern District of Pennsylvania. We will affirm.

I.

An Eastern District of Pennsylvania grand jury returned a fourth superseding indictment charging Shamir Kane as well as Tanaya Martin with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), Hobbs Act robbery, id., and using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c). These charges arose out of the armed robbery of a T-Mobile store in Philadelphia on August 6, 2016. Kane and Lamar Griffin were also charged with Hobbs Act robbery and using and carrying a firearm during a crime of violence in connection with the armed robbery on August 22, 2016 of another T-Mobile store located in Cheltenham Township, Pennsylvania. Kane, Martin, and Sterling were charged with tampering with a witness to the August 6 robbery in violation of 18 U.S.C. § 1512(b)(2). Kane and Martin were charged in a second count of witness tampering in connection with another incident involving a witness to the August 6 robbery (and Martin was charged with bank robbery, 18 U.S.C. § 2113(a)).

Robert Gilmore had previously pled guilty to charges arising out of the August 6 robbery. Martin, Griffin, and Sterling pled guilty to the charges against them. The jury found Kane guilty on all counts, and he was sentenced to a total of 408 months' imprisonment.

With respect to Sterling, the Probation Office and the government sought a two-level enhancement for obstruction of justice. "The basis for the enhancement was the allegedly false and evasive testimony provided by Ms. Sterling during Shamir Kane's

2

trial." (Appellant's Brief at 10 (citing PSR at 5, Appellant's Sealed App'x at SA52).) The government also relied on Sterling's testimony at Kane's trial to reject a three-level adjustment for acceptance of responsibility. Sterling objected to both determinations and asked for a non-custodial sentence. The government and the Probation Office calculated a Guidelines range of 21 to 27 months and recommended a sentence within that range.

The District Court found that Sterling committed perjury and obstruction of justice and thereby breached her plea agreement. While denying the obstruction adjustment (as well as the request for departure or variance for aberrant behavior), it found that Sterling was not entitled to any points for acceptance of responsibility. Initially calculating an advisory Guidelines range of 15 to 21 months (based on a total offense level of 14 and a criminal history category of I), the District Court imposed (sua sponte) an upward variance of three offense levels because of her misconduct, resulting in a range of 24 to 30 months. Sterling was sentenced to a term of 27 months' imprisonment.

## II.[1]

According to Sterling, the District Court committed reversible error by denying her acceptance of responsibility points pursuant to U.S.S.G. § 3E1.1.[2] However, Application Note 1(A) states that acceptance of responsibility involves "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] We review the District Court's factual determination on acceptance of responsibility for clear error and conduct plenary review over its interpretation of the Sentencing Guidelines. See, e.g., United States v. Ceccarani, 98 F.3d 126, 129 (3d Cir. 1996).

not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n.1(A). "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. "Ms. Sterling acknowledges that the Third Circuit permits consideration of unrelated criminal conduct in analyzing acceptance of responsibility." (Appellant's Brief at 21 (citing United States v. Ceccarani, 98 F.3d 126, 130 (3d Cir. 1996)).)

Questioning the District Court's finding that she obstructed justice by lying on the stand, Sterling asserts that she still provided helpful information for the prosecution at the Kane trial. In addition to noting her emotional state, she emphasizes that she apologized to the victim at sentencing and "at no point did she deny her actions in going to the T-Mobile store to try to persuade [the victim] not to testify." (Id. at 19.) But the District Court properly found that Sterling lied under oath: (1) about her reasons for why she covered her face (she had proffered that she did not want to be identified but then testified at Kane's trial that she did so because it was cold); (2) in stating that she committed the witness tampering offense because she believed that Kane was innocent when she knew he was not; (3) about her being unable to identify Kane in a surveillance photograph (when she had earlier identified him as the individual in the photograph); and (4) in accusing the government of threatening to take her children. The District Court found that she did all of this "to obtain a not guilty verdict" for Kane. (Appellant's App'x at AA109.)

4

Sterling argues that her sentence was substantively unreasonable because it was far greater than was necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). "Ms. Sterling respectfully submits that the mitigating factors, including her guilty plea and continued admission of the offense conduct, the fact she was a first [time] offender, did not commit a violent offense, and the fact that she was largely following Mr. Kane's instructions, outweighed the District Court's rationale for imposing [a sua sponte] upward variance." (Appellant's Brief at 24.) According to her, she was living an admirable life as a hard-working single mother who overcame a dysfunctional childhood and who would not have committed the criminal conduct if it had not been for Kane (her long-time partner who was not only the father of her three children but the only other family she had). She further contends that, among other things, the District Court's upward variance for obstruction of justice and perjury was overly punitive given its rejection of any point reduction for acceptance of responsibility, the loss of a cooperation motion under U.S.S.G. § 5K1.1, and the fact that "seriousness of the crimes is reflected in the penalties that Congress has prescribed as well as in the Guidelines that have been promulgated by the Sentencing Commission." (Id. at 28 (quoting United States v. Olhovsky, 562 F.3d 530, 552 (3d Cir. 2009)).) The variance was also purportedly inconsistent with the District Court's finding that an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 did not apply and represented an unwarranted sentencing disparity.

A procedurally sound sentence is substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for

the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Sterling does not meet this deferential standard. The District Court appropriately relied on Sterling's repeated lies under oath, which were designed (like her initial witness tampering) to undermine the prosecution of Kane, included false accusations of misconduct against government personnel, and minimized her own criminal conduct. Regarding the allegedly non-violent nature of her actions, the District Court aptly observed that the witness tampering caused the victims to relive the terror of the armed robbery. It also recognized her personal circumstances, noting that they constituted "a double edged sword." (Appellant's App'x at AA109.) "The fact that she was such a self-reliant person, despite being attached to Kane, equally supports the opposite conclusion that she should have known better than to participate in a witness tampering scheme in the first place, or even more so, to participate in a scheme to subvert Kane's trial by lying on his behalf and by falsely accusing the government of misconduct to obtain any acquittal for Kane" (Appellee's Brief at 36). See, e.g., United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007) (stating that district court's failure to give mitigating factors weight defendant desires does not render sentence unreasonable). In turn, the District Court properly noted that Sterling's lies and obstruction of justice were not covered by the Sentencing Guidelines. Finally, her proffered disparity statistics (e.g., that nationally only 2.1% of cases in the 2017 fiscal year resulted in upward variances) were not presented to the District Court and do not account for either the specific history and characteristics of this case (or reveal the specific history and characteristics of the defendants who received upward variances), or generally the entirety of § 3553(a)

6

factors.

III.

For the foregoing reasons, we will affirm the District Court's criminal judgment.