NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2451
_____

UNITED STATES OF AMERICA


v.

JARED MARC BROWN,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-17-cr-00262-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2020
_____

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion Filed: January 29, 2020)


_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

For the reason stated below, we will affirm the District Court's sentencing of Appellant Jared Marc Brown. The District Court did not err in denying Brown a two-level reduction under § 3E1.1 of the U.S. Sentencing Guidelines (the "Guidelines") for acceptance of responsibility.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brown has threatened to kill various presidents of the United States more than once. While serving a supervised release revocation sentence related to a 2015 conviction for threatening to kill former-President Barack Obama, Brown again threatened former-President Obama, in addition to threatening to kill President Donald Trump and a Secret Service agent. He also threatened to blow up the prison where he was serving his sentence. During an interview with Secret Service agents, Brown admitted to making all of these threats, and though he retracted his threat against former-President Obama, he refused to retract the threats against President Trump and the Secret Service agent.

A grand jury indicted Brown for knowingly and willfully making a threat to the life of the President of the United States in violation of 18 U.S.C. § 871. After being deemed incompetent to assist properly in his defense pursuant to 18 U.S.C. § 4241(d), Brown received treatment, and in February 2019, the District Court determined that he had "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him[.]" App. 21. A plea offer was then extended to Brown by the Government, though it was ultimately withdrawn by the

2

Government once signed by Brown because, in March 2019, during plea negotiations, Brown engaged in significant misconduct, including but not limited to an incident where he again threatened President Trump's life. At that time, he also threatened the lives of a United States District Court judge, the judge's spouse, and another federal agent. After having his plea deal withdrawn, Brown requested a consolidated plea and sentencing hearing, which was granted. During the consolidated plea and sentencing hearing, the District Court determined Brown was competent to plead guilty, accepted Brown's unconditional guilty plea, and sentenced Brown to 42 months' imprisonment and a $100 assessment.[1] However, at sentencing, Brown disputed whether the District Court erred in denying him credit for acceptance of responsibility under § 3E1.1 of the Guidelines. Brown filed a timely notice of appeal.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We review factual findings underlying [a district court's] denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007). The sentencing judge's determination is "entitled to great deference on review," as the "judge is in a unique position to evaluate a defendant's acceptance of

---

[1] The Guidelines estimate provided by the probation office put the sentencing range between 57 to 60 months' imprisonment.

responsibility." U.S.S.G. § 3E1.1, cmt. n.5; *see also United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996).

### III. ANALYSIS

When a defendant "clearly demonstrates acceptance of responsibility for his offense[,] [he] is entitled to a [two]-level reduction to his calculated offense level" under the Guidelines § 3E1.1(a). *United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014) (citation and quotation marks omitted). However, a defendant's ability to obtain the reduction is potentially negated—per the sentencing judge's discretion—when the defendant continues to engage in criminal activity after the defendant's purported acceptance of responsibility. *See, e.g.*, *Ceccarani*, 98 F.3d at 130 ("Continual criminal activity, even differing in nature from the convicted offense, is inconsistent with an acceptance of responsibility and an interest in rehabilitation.").

The District Court ruled that Brown was not entitled to the two-level reduction, listing four incidents of misconduct that occurred after he was indicted that were similar in nature to his charged offenses. This included an incident occurring after the District Court deemed Brown competent, in which Brown threated to kill President Trump, as well as a federal judge, the judge's wife, and a federal agent. The incidents recounted by the sentencing judge are thus sufficient to negate Brown's prior acceptance of

4

responsibility, as they reflect continued criminal activity.[2]  As such, the denial of the two-level reduction was not clearly erroneous.[3]

## IV.   CONCLUSION

The District Court did not commit clear error in denying Brown a two-level decrease under the Guidelines § 3E1.1.  As such, we will affirm the District Court's judgment of conviction.

---

[2] Contrary to Brown's suggestion, at sentencing, the judge did not impose a sentence on the basis of conduct that occurred while Brown was incompetent.  Rather, at sentencing, the judge specifically highlighted misconduct committed by Brown when he was deemed competent.  While Brown was deemed competent to stand trial on February 21, 2019, a forensic psychology report was sent to the Court in early January stating that Brown was competent.  As such, any conduct that occurred on or after January 4, 2019—for example, a January 27, 2019 incident, and threats made on March 25, 2019 (examples referenced by the judge)—was conduct that occurred when Brown had been deemed competent.

[3] Additionally, we note, that while the District Court did not grant the two-level reduction for acceptance of responsibility, it nevertheless considered Brown's acceptance as a mitigating factor in sentencing, rendering a sentence below the low-end of the Guidelines range (a 42-month sentence with a 57-60 month Guidelines range).