**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1412 & 20-1502
_____

UNITED STATES OF AMERICA

v.

WAYNE JOSEPH SANDERS, JR.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00265-001)
District Judge: Honorable Yvette Kane
_____

Submitted on November 9, 2020

Before: HARDIMAN, GREENBERG, and SCIRICA, *Circuit Judges*.

(Filed: November 12, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Wayne Sanders, Jr. appeals his counterfeiting conviction and sentence. His court-appointed counsel filed a brief contending no nonfrivolous issues exist on appeal and a motion seeking to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); 3d Cir. L.A.R. 109.2(a) (2011). We will grant counsel's motion and affirm the District Court's judgment.

I

For several months beginning in December 2014, Sanders passed counterfeit United States Federal Reserve notes at Walmart stores in Pennsylvania. He was indicted on eight counts, all charging violations of 18 U.S.C. § 472. Sanders entered an open guilty plea to each count. Exercising jurisdiction under 18 U.S.C. § 3231, the District Court accepted his pleas.

Sanders was sentenced to 24 months' incarceration for each of the eight counts against him, to be served concurrently. To arrive at that sentence, the District Court first calculated Sanders's sentencing guidelines range, which was 18 to 24 months based on an offense level 15 and a criminal history category I. The District Court declined to grant the typical offense level reduction for acceptance of responsibility under the United States Sentencing Guidelines (USSG) § 3E1.1. Sanders's counsel objected to that decision, but the District Court overruled the objection, citing Sanders's bail violations and post-indictment criminal conduct. Sanders also objected to the recommended $55,500 restitution award, suggesting $10,880 as the proper amount. The District Court deferred

ordering restitution, considered the parties' subsequent briefing, and ultimately ordered $10,060 in restitution.

After filing the notice of appeal, Sanders's counsel filed an *Anders* brief and a motion to withdraw, which were served on Sanders. The Government filed its brief agreeing there are no nonfrivolous issues for appeal. Sanders did not file a pro se brief.

II

We review this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We consider whether counsel's brief reflects that he has conscientiously and "thoroughly examined the record in search of appealable issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), and informs the court whether anything in the record "might arguably support the appeal," *Anders*, 386 U.S. at 744. If there are no nonfrivolous bases for appeal, we will grant counsel's *Anders* motion, and dispose of the appeal. 3d Cir. L.A.R. 109.2(a) (2011).

The *Anders* brief and the Government's response identify three potential issues: the court's jurisdiction, the validity of Sanders's guilty pleas, and the constitutionality of his sentence. None is nonfrivolous.

No jurisdictional defect exists here. Sanders was charged with a federal criminal offense, so the District Court had jurisdiction under 18 U.S.C. § 3231.

Nor does our review of the record reveal any error regarding Sanders's guilty plea. The District Court ensured that the plea was knowing, intelligent, and voluntary. *See*

3

*Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). And there is no nonfrivolous challenge based on Rule 11 of the Federal Rules of Criminal Procedure.

Finally, the *Anders* brief explains why there is no nonfrivolous basis to challenge Sanders's sentence. Counsel identifies two potential challenges—whether the District Court erred by denying Sanders an acceptance of responsibility reduction and whether the restitution order was erroneous. Neither is nonfrivolous. The District Court was well within its discretion to deny the reduction based on Sanders's post-indictment conduct. *See United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996); USSG § 3E1.1 cmt. n.1. And a challenge to the final restitution amount is a nonstarter because the District Court based its determination on a method and amount offered by Sanders in his supplemental briefing on restitution. The record indicates that the District Court complied with the requirements of Rule 32 of the Federal Rules of Criminal Procedure, acted in accord with the process outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and imposed a reasonable sentence within the Guidelines range.

In sum, counsel's brief satisfies the *Anders* requirements and our independent review of the record reveals no nonfrivolous issues for appeal. So we will grant counsel's *Anders* motion to withdraw, and we will affirm the District Court's judgment.